THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FIDEL OQUENDO QUIÑONES, Defendant and Appellant.

No. 16094. Argued June 11, 1956.—Decided June 29, 1956.

512

*Otero Suro & Otero Suro* for appellant. *José Trías Monge, Attorney General* and *Rafael L. Ydrach Yordán* and *Ramón C. Ruiz Sánchez, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the Superior Court of Puerto Rico, Bayamón Part, Fidel Oquendo Quiñones was charged with a violation of §§ 6 and 8 of the Weapons Law of Puerto Rico—No. 17 of January 19, 1951, Spec. Sess. Laws, p. 426, 25 L.P.R.A. § 411.[1] The cases were heard jointly before the court with-

---

[1] Section 6 of the Weapons Law of Puerto Rico—25 L.P.R.A. § 416—provides:

"Any person who has or possesses any pistol, revolver, or other firearm *without having a license therefor issued as hereinafter provided,* shall be guilty of a misdemeanor and, if previously convicted of any violation of this Act, or of any of the offenses specified in Section 17 hereof, or uses the weapon in the commission of any of such offenses, shall be guilty of a felony." (Italics ours.)

Section 8 of that same Act—25 L.P.R.A. § 418—reads as follows:

"Any person bearing, carrying, or transporting any *loaded* pistol, revolver, or other firearm, or who bears, carries, or transports any pistol, revolver or other firearm, while at the same time bearing, carrying, or transporting ammunitions which may be used for discharging such pistol, revolver or other firearm, *without having a license to carry weapons issued as hereinafter provided,* shall be guilty of a felony." (Italics ours.)

out a jury,[2] defendant being found guilty of both offenses and sentenced to six months in jail on the first count and from one to two years' imprisonment in the penitentiary on the second count. He appealed from those judgments to this Court and in the brief in support of his appeal he contends that: (1) "the information in the case . . . for violation of § 8 of the Weapons Law of Puerto Rico does not state facts sufficient to constitute an offense for which defendant may be punished"; (2) "the evidence as to the possession and carrying of weapons by defendant is insufficient to support the judgments of the lower court, and, therefore, it committed a serious error of law in declaring defendant guilty, and convicting him on the basis of such evidence." The errors assigned were not committed.

 The information referred to in the first assignment reads, insofar as pertinent, as follows:

"The prosecuting attorney hereby files an information against Fidel Oquendo Quiñones, a resident of Street 11, D-19, Barrio Amelia in Guaynabo, Puerto Rico, for a violation of § 8 of the Weapons Law of Puerto Rico . . . committed as follows:

"The aforesaid Fidel Oquendo Quiñones, on or about July 12, 1955, and in Barrio Amelia of Guaynabo, Puerto Rico, which forms part of the Court of First Instance, Superior Court of Puerto Rico, Bayamón Part, unlawfully, willfully and maliciously was bearing, carrying and transporting a loaded revolver, without having a license to carry weapons issued therefor by the Court of First Instance, Superior Court of Puerto Rico, Bayamón Part, which is the District appertaining to the domicile of defendant herein, or by the Chief of Police of Puerto Rico, such revolver being a firearm with which serious bodily harm may be inflicted." [3]

---

[2] In the case for a violation of § 8 of the Weapons Law, which is a felony, the defendant waived a trial by jury.

[3] The information for a violation of § 6, insofar as pertinent, is that the aforesaid defendant "had in his possession and transported a gun without having previously obtained a license issued by the Chief of Police of Puerto Rico for the possession therefor, or by the Court of First Instance, Superior Court of Puerto Rico, Bayamón Part, which is the part appertaining to the domicile of the defendant here. . . ."

This Court has repeatedly held that under the Weapons Law in force it is an offense to possess, have or carry a pistol, revolver or any other firearm without having previously obtained a license therefor, as well as the failure to register it once obtained. *People* v. *González*, 75 P.R.R. 409; *People* v. *Rivera*, 73 P.R.R. 402; *People* v. *Segarra*, 77 P.R.R. 696. Here, as we have seen, it is alleged that the defendant lives in the Barrio Amelia of Guaynabo and that he was bearing, carrying and transporting a loaded revolver without having a license to carry weapons issued therefor by the Superior Court of Puerto Rico, Bayamón Part, which is the district appertaining to defendant's domicile. His contention is that although it is specifically alleged that he had no license to carry weapons issued by the Bayamón Part of the Superior Court of Puerto Rico, that charge is insufficient inasmuch as in Puerto Rico there are other Parts of the Superior Court which might have issued the license to carry the weapon in question. Such contention is untenable since by an express provision of § 21 of the Act —25 L.P.R.A § 431— "In addition to the licenses referred to in the preceding section, *license may be granted to bear, transport and carry a pistol or revolver by the District Court of Puerto Rico* [4] *for the District appertaining to the domicile of the applicant, upon a hearing of the district attorney. . . .*" (Italics ours.) Since the Part of the Superior Court appertaining to defendant's domicile is the one called upon to issue any license to carry weapons, the allegation that he had his residence within the territory of that Part and that he was bearing, carrying and transporting a loaded revolver without having a license issued by the aforesaid Part of the Superior Court of Puerto Rico was sufficient at law.

In the case of *People* v. *Segarra, supra,* the defendant was charged with the carrying of a revolver "without

---

[4] Now Superior Court—see Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30), 4 L.P.R.A. § 1.

having a license therefor issued either by the Superior Court, Ponce Part, the district in which he is domiciled, or by the Chief of Police of Puerto Rico." The first error there assigned was that the judgment rendered in the firearms case was contrary to law as the People failed to prove that the defendant did not have a license to carry a weapon. In the course of the opinion we stated:

". . . an information must allege that the defendant was bearing a firearm without having a license therefor. *People* v. *González, supra* (75 P.R.R. 409) ; *People* v. *Rivera, supra* (73 P.R.R. 402). However, in both cases, once the People has put the defendant on notice by making the negative averment, it is not incumbent upon the prosecution to adduce positive evidence to support such a negative averment which if untrue could be readily disproved by the production of a document or other evidence readily within the defendant's control. . . .

"The People charged the defendant with bearing a firearm *without having a license therefor and proved .that he was bearing a revolver on the date named in the information.* A presumption of illegal bearing thereupon arose which the defendant was entitled to refute by proving if he could that he had a license to bear it. In the absence of such proof establishing the said defense and showing that the defendant fell within the exception in the statute for those having licenses to bear a weapon, the jury was justified in finding the defendant guilty as charged in the information. . ." (Italics ours.)

In the case at bar the defendant was charged, as we have seen, with the carrying of a revolver without having a license therefor issued by the Bayamón Part of the Superior Court. As in the case of *People* v. *Segarra, supra*, the presumption of unlawful bearing of a firearm arose, and it was the duty of the defendant to overcome the presumption, which he failed to do. See also, *People* v. *Rupizá*, 72 P.R.R. 694, 697; *People* v. *Pacheco*, 78 P.R.R. 23, 28. *Cf. People* v. *Olmo*, 56 P.R.R. 384.

██ In countless cases we have held that in prosecutions for carrying a firearm, when it is not presented because it was not seized, the evidence for the prosecution

must be clear and convincing. *People* v. *Pacheco, supra; People* v. *Garcés,* 78 P.R.R. 95; *People* v. *Rupizá, supra; People* v. *Guzmán,* 52 P.R.R. 444; *People* v. *Carrillo,* 51 P.R.R. 353; *People* v. *Sánchez,* 50 P.R.R. 689; *People* v. *García,* 42 P.R.R. 137; *People* v. *Cartagena,* 37 P.R.R. 261. It was so in this case. Let us examine, for example, the fundamental part of the testimony of José Martínez Granado and Carmelo Méndez García who, as witnesses for the People, stated:

*José Martínez Granado:*

"Q. Where were you on that day, July 12, 1955, at about half past ten in the evening?

"A. At Primitivo Colón Otero's *cafetín.*

"Q. While there on that night, in that *cafetín,* did you have an incident with somebody?

"A. I was there drinking beer when this man arrived . . .

"Q. Pointing to defendant for the record . . .

"A. . . . Fidel Oquendo Quiñones arrived and uttered obscene words there at the *cafetín* of Primitivo Colón Otero, and then he came out to the street where I was standing and addressed me, and told me (here a series of obscene words). Then I told him that 'You are nothing but a bragger,' and when I told him that, he drew a gun and shot at me hitting me here, on the pants.

"Q. How was the gun?

"A. It was a dark gun, sort of black.

"Q. Have you got the pants here that you wore that night?

"A. Yes, sir.

"THE COURT: Let me see the pants.

"A. Here is the shot (pointing it out in the pants).

THE COURT:

"Q. Is that where the hole is?

"A. Yes, sir, I thought that I had been burned, because I felt hot around here, on my foot.

" . . . . . . . .

"Q. How would you describe that gun?

"A. I saw the gun, it had a black handle and the barrel was black.

"Q. Are you telling the court that this hole in your pants is from a bullet?

"A. Yes, sir.

"Q. You swear to that?

"A. Yes, sir. . . ."

*Carmelo Méndez García:*

"Q. Where were you on the night of July 12, 1955, at about ten thirty?

"A. I was standing on the sidewalk at the corner of the *cafetín* of Primitivo Colón Otero.

"Q. Do you know if any incident took place there, any brawl that you witnessed?

"A. There was actually no brawl.

"Q. What was it that you saw?

"A. What I saw was that this young man, José Martínez Granado, passed by me and asked me to join him for some beers and I accepted. Roberto Mercado was there when at that instant Fidel Oquendo Quiñones arrived at the *cafetín,* took a drink and went out again uttering obscene words addressing this young man, José Martínez Granado. Then José Martínez Granado answered him 'You are the one who is a bragger,' and when he answered thus, this man (pointing at defendant) immediately shot at him with a small gun, black; the gun was black, with a short black barrel.

"Q. At what distance was defendant from José Martínez Granado when he shot at him?

"A. About ten to twenty feet away from him.

"Q. How many shots did he fire?

"A. One.

" . . . . . . .

"Q. And what happened then?

"A. When this man (the defendant) arrived he said obscene words to Martínez Granado and he answered that 'You are the one who is a bragger' and immediately this man (the defendant) drew out his gun and fired at Martínez Granado. . . ."

After the evidence for the prosecution was introduced, the defendant took the witness stand and his testimony tended to show that on the night in question he had no weapon and had fired no shots. His witness José Serrano testified in similar terms.

The conflict in the evidence was settled by the trial court and, in our opinion, in so doing it did not commit error. The evidence for the prosecution having been believed, it was sufficiently clear and convincing to establish that during the night in question the defendant was carrying a gun with which he fired a shot. See *People* v. *Bastián,* 71 P.R.R. 789; *People* v. *Álvarez,* 50 P.R.R. 100.

The judgments of the lower court will be affirmed.

Mr. Justice Belaval concurs in the result.